UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 10-48-DCR |
| | ) | Civil Action No. 2: 11-7180-DCR |
| V. | ) | |
| | ) | |
| STEPHEN G. LUKE, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Stephen Luke, Jr., was the sole defendant named in a two-count indictment returned by a federal grand jury on August 12, 2010. In Count 1, Luke was charged with knowingly and intentionally possessing with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). Count 2 charged the defendant with possessing a firearm during the commission of the drug crime in violation of 18 U.S.C. § 924(c)(1)(A). [Record No. 1] Luke subsequently entered a guilty plea to the second count which carried a mandatory minimum term of imprisonment of at least five years. [Record No. 18]

Luke did not seek to appeal his guilty plea, conviction or sentence. Instead, on July 26, 2011, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 25][1] Luke argues that he is entitled to collateral relief because his attorney provided

---

[1] *Pro se* motions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985)("allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

-1-

ineffective assistance by failing to file a motion to suppress the weapon which formed the basis for Count 2. [Record Nos. 25, 34] The United States has moved to dismiss Luke's § 2255 motion based on the waiver provision contained in the defendant's written Plea Agreement. [Record No. 35]

Having reviewed the issues raised herein, the Court concludes that Luke cannot establish a claim of ineffective assistance of counsel under the standard applied to such claims. And in light of this finding, the waiver provision contained in his Plea Agreement will be upheld. Accordingly, the United States' motion to dismiss will be sustained and Luke's § 2255 motion will be dismissed with prejudice.

## I.

### A. The Plea Agreement and Waiver

In his written Plea Agreement, Luke admitted the following facts:

(a) On or about April 20, 2010, Elsmere Police responded to the Defendant's residence, which he shared with his girlfriend and her four year old daughter, to investigate a shooting. During a search of the residence, officers observed suspected marijuana and cocaine in plain view. They also observed a set of digital scales and a large tote that contained marijuana seeks and shake.

(b) While on scene, officers noticed the Defendant loitering around and getting into a vehicle that was parked outside the residence. The officers obtained and executed a search warrant for the vehicle, which was registered to the Defendant's girlfriend. During the search, officers uncovered a safe in the trunk that contained individually-wrapped baggies containing 33 grams of marijuana, a loaded Kimber, Model Compact CDP, .45 caliber pistol, bearing serial number KC15400, digital scales, money, and the Defendant's operator's license and social security card.

(c) The Defendant acknowledges possessing the marijuana with the intent to distribute it, and possessing the firearm in furtherance of his drug trafficking activities, that is, to protect his drugs and drug proceeds.

[Record No. 23] These facts were also confirmed under oath by Luke during his re-arraignment and guilty plea. [Record No. 29, pp. 18-20] After acknowledging that he was trafficking in marijuana and possessed the firearm identified in the indictment "to further the drug activities" described in the indictment, Luke responded that he intended to enter a guilty plea because he was, in fact, guilty of what was charged in Count 2. [*Id.*]

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal quotation marks and citation omitted)). Because Luke agreed not to collaterally attack his guilty plea, conviction and sentence, it would seem that his § 2255 motion would be foreclosed. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (holding that when a movant has waived "the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255"). However, that is not necessarily the case. The Sixth Circuit has held that a movant may challenge the validity of the waiver itself by arguing that "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). In other words, by arguing that his plea was unknowing or based on ineffective assistance, Luke may seek to challenge what he specifically waived: a collateral attack of his guilty plea. Therefore, in accordance with *Acosta*, the Court will first examine whether Luke's waiver and plea were knowing, voluntary, and made with the effective assistance of counsel.

As an initial matter, the record clearly establishes that Luke's waiver of his right to appeal and collaterally attack his guilty plea, conviction and sentence was knowing and voluntary. With respect to the issue of voluntariness, Luke has never argued that he was coerced or forced into waiving his rights. In his written Plea Agreement, Luke waived the right to "appeal and the right to attack collaterally the guilty plea, conviction and sentence." [Record No. 23, ¶ 7] After discussing the factors the Court would consider in imposing a sentence in the case, the Court confirmed that Luke fully understood this waiver provision.

> THE COURT: . . . There is some waiver language in your plea agreement. It's not unusual to have this in a plea agreement, but any time it's present, I do need to review it with you and make sure that you understand the consequences of the language that's used. And in your case, it's in paragraph seven. That paragraph states that you waive the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence in the case. And do you understand that you are waiving or giving up those rights; correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that when you give up the right to collaterally attack something, that means you're giving up the right to file a separate lawsuit to challenge it, sometimes called a habeas proceeding? Do you understand that?
>
> THE DEFENDANT: Yes.

[Record No. 29, pp. 15-16][2]

---

[2] In response to the United States' motion to dismiss, Luke argues that he was advised by his attorney that the waiver provision "did not concern him." [Record No. 37, p. 3] However, the record is clear that the defendant was advised of the nature and effect of the waiver provision and that he fully understood it. Based on his sworn statements in response to the Court's questions, he cannot now assert a contrary understanding. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible."). *See also United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (rejecting an attempt by a defendant to contradict sworn testimony given during a plea colloquy by contrary statements contradicting the earlier admissions).

It is clear from this exchange that Luke understood the rights he was waiving and the effect of his waiver. The Court complied with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands the terms of a waiver provision in the plea agreement. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). The scope and meaning of the waiver provision were explained to Luke and it is clear that he voluntarily agreed to it. Further, Luke cannot claim that his guilty plea was not a knowing plea due to the sentence he received.[3] Here, the defendant was sentenced to the minimum mandatory term of imprisonment applicable to him. This minimum term was fully explained to Luke during the re-arraignment hearing. [Record No. 29, pp. 10, 13] Both the record and applicable law compel the conclusion that Luke's guilty plea and waiver were knowing and voluntary.

B.     **Luke's Claim of Ineffective Assistance of Counsel**

Further, neither Luke's Plea Agreement nor the waiver provision contained in that document was the result of ineffective assistance of counsel. To prove ineffective assistance of

---

[3] Numerous courts have held that plea agreements and waivers were knowingly and intelligently entered even when a particular defendant was unaware how severely he would be sentenced. *See, e.g.*, *United States v. Smith*, 143 F. App'x 559, 561 (5th Cir. 2005) (rejecting defendant's claim that the failure to inform him of a potential career offender enhancement rendered his plea involuntary); *United States v. Wilhite*, 929 F.2d 702 (6th Cir. 1991) ("Concerns for due process do not require that a criminal defendant be placed on advance notice of the application of a career offender sentence under Guideline 4B1.1, so long as the defendant has, as he was in the instant case, been afforded an adequate opportunity to challenge the factual basis for applying the enhancement."); *Unites States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990) ("Because appellant was fully aware that his ultimate sentence under the agreement was subject to later determination by the court based on a variety of factors at the time he entered into it, the fact that he did not know specifically that he would be subject to sentencing in [a particular] range does not mean that it was entered into unknowingly and unintelligently."); *United States v. Brown*, No. 07-2309, 2010 U.S. Dist. LEXIS 76286, at *24 (W.D. Tenn. July 23, 2010) (noting that while the defendant "was not specifically advised, during the Rule 11 colloquy, about the potential for a career offender enhancements," his conviction would not have been overturned because "the presentence report afforded him reasonable notice that the judge would be considering the enhancement, and he was afforded the opportunity to be heard on the issue").

counsel, Luke must prove two distinct elements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. Where, as here, the ineffective-assistance claim arises out of the plea process, Luke "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant has the burden of proving both of *Strickland*'s prongs. *Strickland*, 466 U.S. at 687. Ultimately, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

In his § 2255 motion, Luke asserts that his attorney was ineffective by failing to file a motion to suppress the gun found inside his girlfriend's car. [Record No. 25, attachment 1, p. 3] He contends that a suppression motion would have been successful because:

> The affidavit supporting the search warrant did no more than state that petitioner went into the right side of the vehicle parked outside his residence while officers were on scene investigating a shooting that had taken place inside the residence. The affidavit could not support the inference that evidence or wrong doing would be found in the car, because drugs were found in the residence after affiant searched this residence and found marijuana and suspected cocaine in the front and back bedroom of the residence.

[*Id.* at p. 5] However, contrary to this assertion, the search warrant issued for the subject vehicle was supported by probable cause.

The information available to police is more extensive than Luke suggests. As outlined in the United States' motion to dismiss, on April 20, 2010, officers from the Elsmere Police Department responded to investigate a shooting at the residence Luke shared with his girlfriend and her four-year old daughter. During a search of the residence, officers observed suspected marijuana and cocaine in plain view. The officers also observed a set of digital scales and a large tote that appeared to contain marijuana residue and seeds. Additionally, they noticed Luke loitering around and getting into a vehicle that was parked outside the residence.

The affidavit submitted in support of the search of vehicle which was registered to Luke's girlfriend indicates that Luke was placed in the rear of on officer's vehicle for questioning. While located in the police vehicle, Luke was overheard discussing on his cell phone the marijuana which had been found in the residence. Based on the totality of the circumstances (*i.e.*, the defendant's statements and actions, together with the officers' observations, training and experience), the officers had probable cause to believe contraband or other relevant evidence relating to the drug crime was located in the subject vehicle. *Illinois v. Gates*, 462 U.S. 213, 230 (1983) (when determining whether probable cause exists to support issuance of a search warrant, the court looks to the totality of the circumstances presented).

Under the facts of the present case, the Court cannot conclude that the counsel's performance fell below an objective standard of reasonableness. Further, the defendant has not established a reasonable probability that had his attorney moved to suppress the evidence contained in the subject vehicle, he would have been successful. Instead, the Court concludes that the decision not to challenge the search warrant was a matter of trial strategy.

**II.**

An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here, the record conclusively shows that Luke is not entitled to relief. His waiver and its voluntariness can easily be determined on the present record. Further, Luke's failure to show deficient performance by his attorney – and prejudice resulting from the alleged deficient performance – is apparent from a review of the pleadings and transcript of the hearing held on October 4, 2010. Therefore, Luke's failure to meet his burden is clear on the record and no evidentiary hearing is necessary. *See Thomas v. United States*, 27 F.3d 321, 326–27 (8th Cir. 1994) (holding that a defendant who alleged ineffective assistance of counsel due to an improper Guidelines range calculation was not entitled to an evidentiary hearing).

Additionally, no certificate of appealability will issue. Luke has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Luke has fallen far short of meeting the standard for relief under § 2255, and this conclusion is not reasonable debatable.

**III.**

Luke has failed to meet his burden for § 2255 relief. The waiver provision contained in his written Plea Agreement was entered into knowingly and voluntary. Further, his agreement

to waive his right to appeal and collaterally attack his guilty plea, conviction and sentence was not the result of ineffective assistance of counsel. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff/Respondent United States' motion to dismiss Defendant/Movant Stephen Luke's motion to vacate [Record No. 35] is **GRANTED**;

2. Defendant/Movant Stephen Luke's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 25] is **DENIED**;

3. Defendant/Movant Stephen Luke's habeas proceeding is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket;

4. The Court **DECLINES** to issue a Certificate of Appealability as to any issue raised herein based on the Court's finding that Defendant/Movant Luke has failed to make a substantial showing of the denial of a constitutional right. Further, he has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

This 7th day of December, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge